AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: ) No. 07 C 4293
)
    BARRY B. KREISLER, )
) Appeal from the United
        Debtor. ) States Bankruptcy Court
) for the Northern
) District of Illinois
CATHERINE STEEGE, as Chapter 7 )
Trustee of the estate of ) Case No. 02 B 21934
Barry B. Kreisler, ) Adversary No. 07 A 180
)
        Plaintiff, ) Hon. John H. Squires,
) Bankruptcy Judge
    v. )
)
WILLIAM H. SMITH, JR. and )
GWENN H. SMITH, )
)
        Defendants. )
)
BARRY B. KREISLER, )
)
        Appellant, )
)
    v. )
)
CATHERINE STEEGE, as Chapter 7 )
Trustee of the estate of )
Barry B. Kreisler, )
)
        Appellee. )

## MEMORANDUM OPINION AND ORDER

This is an appeal by debtor Barry B. Kreisler, pro se, from an order of the Bankruptcy Court denying a petition for

leave to intervene in an adversary proceeding brought by the Chapter 7 Trustee of the bankruptcy estate to recover and sell debtor's joint-tenancy interest in a Park City, Utah condominium ("the Utah property"). The other parties to the adversary proceeding are the record owners of the remaining interest in the joint-tenancy property, William and Gwenn Smith.

Debtor is an attorney and real estate developer who filed a Chapter 11 case. When he filed his bankruptcy petition, debtor owned of record, for almost 30 years, a joint-tenancy interest in the Utah property described by the parties as a ski condo. Instead of listing the Utah property, debtor listed a fifty percent interest in the "Smith and Kreisler Partnership," which he alleged owned the Utah property. It was later alleged that the Utah property was held of record by the partners in joint-tenancy for the partnership.

After the Bankruptcy Court ordered the appointment of a Chapter 11 Trustee, debtor moved to convert his case to one under Chapter 7. Thereafter, the Chapter 7 Trustee filed an adversary complaint, pursuant to 11 U.S.C. § 363(h), seeking to sell debtor's interest in the Utah property as well as that of the Smiths. The Smiths answered the adversary complaint and alleged that, as a result of debtor's bankruptcy, the partnership was dissolved, and, as the only non-bankrupt partner, William Smith was entitled to wind up the partnership's affairs and liquidate

its assets. On or about the date the Chapter 7 Trustee and the Smiths reached agreement to sell the property, listing it for $750,000 and subject to the Smiths' rights to match any offer, debtor sought to intervene as of right in the adversary proceeding. Debtor sought to obtain dismissal of the case on the ground that the Bankruptcy Court had no subject matter jurisdiction over the Utah property because it was a partnership asset. Debtor claimed a right to intervene in the proceedings based on being a creditor of the partnership, although nowhere does he allege what he is owed.

The Chapter 7 Trustee opposed intervention by debtor in the adversary case on the grounds that none of the requirements of Fed. R. Civ. P. 24(a)(2), made applicable by Bankruptcy Rule 7024, were met. The Bankruptcy Court denied intervention, stating that it had jurisdiction to determine whether or not the property was an asset of the estate pursuant to Section 541 of the Bankruptcy Code. The Court also stated that, since "the title issue has been raised," a record would have to be made by the Trustee establishing that Utah property is part of the bankruptcy estate.

Had intervention been granted, and were this case before the court on a motion for leave to appeal from an interlocutory order denying the motion to dismiss, leave to appeal would be denied. In Re Vlasek, 325 F.3d 955, 960-61 (7th Cir. 2003); In

re Jartran, Inc., 886 F.2d. 859, 864 (7th Cir. 1989). However, because the appeal is from an order denying intervention, the requirements for intervention of right will be considered.

Rule 24(a) provides that a person may intervene as a matter of right only if there is proof of four elements: (1) a timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment of that interest by disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action. Reid v. Illinois State Board of Education, 289 F.3d 1009, 1017 (7th Cir. 2002); Shea v. Angulo, 19 F.3d 343, 346 (7th Cir. 1994). Although all elements must be established, debtor has focused on his interest as an unsecured creditor of a partnership, largely ignoring whether his petition was timely and whether any creditor interest was adequately protected by the presence of a non-bankrupt partner and the duty of the Trustee to prove that the asset in dispute was part of the bankruptcy estate.

Moreover, debtor's alleged general unsecured claim against the partnership is not sufficient to justify intervention as a matter of right. Interest under Rule 24 means a direct substantial interest in the proceedings. Sierra Club, Inc. v. EPA, 358 F.3d 516, 518 (7th Cir. 2004); Keith v. Daley, 764 F.2d 1265, 1268 (7th Cir. 1985); In Re Foos, 183 B.R. 149, 155 (Bankr.

N.D. Ill. 1995). A purely economic interest is insufficient to justify intervention. Meridian Homes Corp. v. Nicholas W. Prassas & Co., 683 F.2d 201, 204 (7th Cir. 1982); Zurich Capital Markets, Inc. v. Coglianese, 236 F.R.D. 379, 385 (N.D. Ill. 2006); Rigco, Inc. v. Rauscher Pierce Refsnes, Inc., 110 F.R.D. 180, 183-84 (N.D. Tex. 1986).

Debtor's motion to dismiss is without merit. The Bankruptcy court was correct in so holding. The Bankruptcy court has jurisdiction to determine whether an asset is part of the estate even when there is a claim that the asset belongs to a partnership. In re Pentell, 777 F.2d. 1281, 1285 (7th Cir. 1985). Also, if the partnership holds, as alleged, an undisclosed equitable interest in the Utah property, the Trustee may be able to avoid the interest under 11 U.S.C. § 544(a)(3). Beslisle v. Plunkett, 877 F.2d 512, 514-15 (7th Cir. 1989) ("Section 544(a)(3) pulls into debtor's estate property that ostensibly was there all along . . . . Under most states' laws . . . the buyer in good faith of real property can obtain a position superior to that of the rightful owner, if the owner neglected to record his interest in the filing system. Section 544(a)(3) gives the trustee the same sort of position."). Accordingly, the Bankruptcy Court could not properly dismiss the action.

IT IS THEREFORE ORDERED that the Clerk of the Court enter judgment in favor of the appellee Catherine Steege, as Chapter 7 Trustee for the estate of Barry B. Kreisler, and against the appellant Barry B. Kreisler, debtor, affirming the order of the Bankruptcy Court denying intervention.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 4, 2007